UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AMADEO J. NOCCHI, :
:
      Petitioner :
: CIVIL NO. 1:CV-08-1658
    vs. :
: (Judge Caldwell)
LUZERNE COUNTY COURT, *et al,* :
:
      Respondents. :


*M E M O R A N D U M*

I.    *Introduction*

On September 5, 2008, Amadeo Nocchi, currently a state inmate at SCI-Dallas, Dallas, Pennsylvania, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He asserts one ground for relief, that his right against double jeopardy was violated when his sentence took into account a prior criminal offense.

The Commonwealth opposes the petition on several grounds, among them that Petitioner has failed to exhaust state-court remedies. We agree that Petitioner has failed to exhaust his state-court remedies and will deny the petition on that basis.

II. *Background*

The record reveals the following. Petitioner pled guilty in the Court of Common Pleas of Luzerne County, Pennsylvania, to two offenses of delivering a controlled substance, namely, cocaine. The offenses were charged in two separate dockets, No. 40-CR-2467-2004 and No. 40-CR-2468-2004. On January 3, 2005, Petitioner was sentenced to 15 to 60 months on each offense to be served concurrently under house arrest. No direct appeal was taken. On September 8, 2005, this sentenced was revoked and Petitioner was sentenced to 15 to 60 months in prison.

On December 22, 2005, Petitioner filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541-9546, alleging that trial counsel was ineffective in not arguing that Pa. R. Crim. P. 600 was violated when he was not sentenced within 180 days. (Doc. 17-2, CM/ECF p. 2). On February 24, 2006, the trial court denied the PCRA petition. (*Id.*, pp. 10-11). On August 24, 2006, Petitioner filed the same PCRA petition, which was denied by order of August 24, 2006, docketed on August 28, 2006. (*Id.*, p. 12). On January 3, 2007, Petitioner filed the same PCRA petition again, and it was denied by order of January 3, 2007, docketed on January 4, 2007. (*Id.*, p. 13). On January 10, 2008, Petitioner filed a fourth PCRA petition, asserting that his trial counsel was ineffective in not arguing that his sentencing

calculation was incorrect under state law because it was based on a quantity of cocaine between 100 and 1,000 grams and Petitioner had delivered less than 2.5 grams. (*Id.*, p. 14). That petition is still pending.

III. *Discussion*

A 2254 petition cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished "by fairly presenting each claim at each stage of the state's established appellate review process." *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004). Respondent asserts that Nocchi failed to exhaust his state-court remedies, and hence this petition must be dismissed. We agree. A review of the state-court procedural history indicates that Petitioner has never presented his federal claim to any state court.[1] We therefore cannot address the claim on the merits here.

---

[1] Given the passage of time, it appears that Petitioner cannot return to state court to litigate his double jeopardy claim, so exhaustion could be said to be excused here since Petitioner no longer has an available state-court remedy, *see Arce v. Outlaw*, No. 4:CV-05-2479, 2007 WL 465570, at *9 (M.D. Pa. Jan. 10, 2007), but Petitioner has failed to argue cause-and-prejudice or a miscarriage of justice that would excuse the resulting procedural default. *Id.*

-3-

IV. *Conclusion*

We will issue an order denying Nocchi's 2254 petition for failure to exhaust state-court remedies. We will also deny a certificate of appealability, based on the above analysis. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 7, 2009

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AMADEO J. NOCCHI, :
 :
    Petitioner :
 : CIVIL NO. 1:CV-08-1658
    vs. :
 : (Judge Caldwell)
LUZERNE COUNTY COURT, *et al,* :
 :
    Respondents. :

*O R D E R*

AND NOW, this 7th day of July, 2009, it is ordered that:

    1. The petition (doc. 1) for writ of habeas corpus under 28 U.S.C. § 2254 is denied for failure to exhaust state-court remedies.

    2. A certificate of appealability is denied.

    3. The Clerk of Court is directed to close this case.

                                /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge